EXTENDED OPINION IN REGARD TO:
ELECTION OF REMITTITUR; MOTION TO STRIKE ELECTION OF REMIT-TITUR; MOTION TO MAINTAIN JURISDICTION AND AMEND SUPREME COURT DECISION; RESPONSE IN OPPOSITION TO APPELLANT’S MOTION TO STRIKE ELECTION OF REMITTITUR.
MADDOX, Justice.
This Court, on March 20, 1987, 506 So.2d 305, issued an opinion that affirmed the judgment of the trial court conditionally. In that opinion, this Court stated as follows:
“For the above reasons, Hancock and Centre shall, within 30 days after this date, file a remittitur, pursuant to § 12-22-71, Code 1975, of $98,000; otherwise the judgment will stand reversed. Let notice issue to Hancock and Centre accordingly. If they shall timely file such a remittitur, the judgment awarding $30,-000 punitive damages and $20,000 damages for mental anguish will be affirmed/’
On April 16, 1987, Charles M. Thompson, attorney for appellees, filed a document with the clerk of this Court styled “Election of Remittitur.” On May 6, 1987, the appellant, Farmers and Merchants Bank, filed a motion in this Court styled “Motion to Strike Election of Remittitur.” In this motion to strike, the appellant alleged that appellee L.W. Hancock had died on March 81, 1987, and that on April 10, 1987, letters testamentary were issued to Robert A. McWhorter, Jr., as executor of the estate of L.W. Hancock, and that the “Election of Remittitur” filed by Charles M. Thompson was ineffective and failed to comply with the laws of the State of Alabama and listed several grounds, which we do not find necessary to state in view of the holding we make.
On May 7,1987, appellees’ attorney filed a motion styled “Motion to Maintain Jurisdiction and Amend Supreme Court Decision,” and on May 13, 1987, the attorney for the appellees filed what is styled “Response in Opposition to Appellant’s Motion to Strike Election of Remittitur” and attached to it several documents, including a petition filed by the executor in the Probate Court of Cherokee County in which the executor had requested the probate court to approve and confirm his decision to settle Hancock’s interest in the judgment in this case by accepting the remittitur as ordered by this Court. Also included as an exhibit to the response is an order of the probate judge dated May 11,1987, in which he authorized the executor to settle the interest of Hancock’s estate in the judgment by accepting the remittitur as ordered by this Court.
Having examined each of the motions and the exhibits attached thereto, and in view of the fact that the death of L.W. Hancock was timely suggested to this Court under the provisions of Rule 25, Ala. *202 R.Civ.P., and Rule 43, Ala.R.App.P., which provide for the substitution of parties, we are of the opinion that Robert A. McWhorter, Jr., executor of the estate of L.W. Hancock, is due to be, and he hereby is, substituted as a party to these proceedings. It further appearing that the original time allowed by this Court within which a remit-titur could be filed should be extended; and it further appearing that the executor of the estate of L.W. Hancock has been duly authorized to accept the remittitur as ordered by this Court and has duly filed in this Court an acceptance of the remittitur ordered; it is, therefore, the opinion of this Court that the motion of Farmers and Merchants Bank to strike the election of remit-titur filed by the executor is due to be, and the same is hereby, denied.
OPINION EXTENDED; EXECUTOR SUBSTITUTED AS PARTY; MOTION TO STRIKE ELECTION OF REMITTITUR DENIED.
TORBERT, C.J., and JONES, ALMON, BEATTY, ADAMS and STEAGALL, JJ., concur.
SHORES and HOUSTON, JJ., not sitting.